Dye v RBNB 20 Owner LLC (2024 NY Slip Op 01341)

Dye v RBNB 20 Owner LLC

2024 NY Slip Op 01341

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Webber, J.P., Oing, González, Kennedy, Shulman, JJ. 

Index No. 155646/22 Appeal No. 1848 Case No. 2023-02260 

[*1]Colleen Dye, et al., Plaintiffs-Respondents,
v
RBNB 20 Owner LLC, Defendant-Appellant, Rose Property Management Group, LLC, Defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J), entered April 26, 2023, which denied defendants' motion for past and pendente lite use and occupancy, unanimously affirmed, with costs.
"A court has broad discretion in awarding use and occupancy" during the course of litigation (43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 501 [1st Dept 2013]; see also Alphonse Hotel Corp. v 76 Corp., 273 AD2d 124 [1st Dept 2000]; East 4th St. Garage v Estate of Berkowitz, 265 AD2d 249, 249 [1st Dept 1999]). The motion court "is vested with inherent plenary power to fashion any remedy necessary for the proper administration of justice" (Cane v Herman, 209 AD2d 368 [1st Dept 1994]). Where elevator service is absolutely essential to plaintiff's beneficial enjoyment of the premises and the service stops operating properly, "an actual partial eviction [occurs] suspending plaintiff's obligation to pay rent or use and occupancy" (see Union City Union Suit Co. v Miller, 162 AD2d 101, 105 [1st Dept 1990]).
Here, while defendants' agent asserted that the elevators had been repaired since July 2022, he provided no corroborating evidence. Meanwhile, eight of the plaintiffs provided affidavits attesting that, as of February 2023, the elevators continued to malfunction in this high-rise building. Thus, the court properly exercised its discretion in denying defendants' motion for alleged past due or ongoing use and occupancy pursuant to Real Property Law § 220 for both current and former tenants. The court also properly exercised its discretion in declining to direct plaintiffs to post an undertaking. The "remedy for any over or underpayment [of use and occupancy] is a speedy trial" (Ballinteer Corp v SNRP W. 37 LLC, 217 AD3d 597, 598 [1st Dept 2023]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024